805 CITY OF DETROIT vs. CIRCUIT JUDGE (Wayne), 79 M., 384.

To compel the dissolution of an injunction.

Granted January 31, 1890.

A city (as a corporation) is a single legal person, and in

proper cases is subject to legal coercion; and, where so liable, it is not irregular to restrain any city functionary who is engaged in carrying out the illegal purpose.

Whether mandamus is the proper remedy to remove an injunction which ought not to stand depends entirely on the conditions of its issue. Usually, if the mischief can be as well settled by appeal, that is the proper resort.

Where a preliminary injunction operates in such a way as to do violence to vested rights and interests, and to prevent the proper authorities from exercising their legal functions, it is such an invasion of right as entitles the aggrieved parties to a prompt redress, which is better for the public peace and order than encouraging an open disregard of the legal tribunals, where it can be avoided.

While the action of an inferior court, within its discretion, is to be reached by other appellate process, yet, when the action complained of is beyond any proper discretionary power, or is an abuse of discretion which cannot be justified on legal principles, this court may and will interfere by mandamus, if there is urgency or pressing occasion to do so. Citing Pt. Huron & Grat. Co. R. R. Co. vs. Circuit Judge, 31 M., 456 (848); Tawas & Bay Co. R. R. Co. vs. Circuit Judge, 44 Id., 479 (800); Van Norman vs. Circuit Judge, 45 Id., 204 (827); Maclean vs. Circuit Judge, 52 Id., 257 (292); E. T. Barnum W. & I. Wks. vs. Circuit Judge, 59 Id., 272 (825).