**814 STOCK vs. CIRCUIT JUDGE (Hillsdale), No. 13340.**

To vacate an order dissolving an injunction, and restraining and enjoining the city of Hillsdale from making a loan and issuing bonds for the erection of an electric lighting plant.

Denied March 8, 1893, with costs.

Under Sec. 22, of the charter of the city of Hillsdale, Local Acts of 1891, p. 1008, the city council ordered a special election to be held on November 8, 1892, to determine the will of the electors of said city, as to effecting a loan and the issue of bonds for the construction and erection of an electric light plant. A majority of the votes cast favored the loan, whereupon the council passed a resolution authorizing the city clerk to give public notice that sealed proposals would be received at a place named, and until a time named, to furnish materials for, and to erect an electric light plant, reserving the right to reject any and all proposals, which notice was given by the clerk. Thereupon relator filed a bill to restrain the erection of the plant, the letting of any contract therefor, or issue of bonds, and a preliminary injunction was granted, restraining and enjoining the city, mayor and the clerk from making the loan and from signing the bonds. On motion the injunction was dissolved.

The bill set forth (1) that said vote was had at a presidential election, and not at a general election within the meaning of the charter, and was therefor invalid. (2) That the resolution calling the election was illegal and void, for the reason that it was not passed by a majority of all the members elect. (3) That inasmuch as the ballots used at said election did not conform to the statute, the proposition to make said loan, was not approved by the electors. (4) Said city could not legally enter into competition with complainant in the business of furnishing electric light to private individuals. (5) That the mayor and council give out and threaten to make said loan, to issue such bonds, to erect and maintain an electric light plant, and to furnish electric light to private individuals.

Respondent contended, that the election was not such an act as bound the council to establish a plant, or to issue bonds therefor; that there is no good reason why a special election cannot be fixed for a day upon which a presidential election is held; that the ballots were in accordance with the provisions of the election law of 1891, and the provisions of that law apply; that although the election should be held void, the city has power under its charter, to erect and maintain a plant, and to borrow money therefor, provided that the cost does not exceed $5,000; that no contract for the plant had been ordered or let, nor had the council determined to establish a plant, and that, therefore, the action was premature.

Respondent contended further, that no motion had been made in the court below to vacate the order complained of. Citing Shinn's Pl. & Pr., 225; Le Roux et al. vs. Circuit Judge (Bay), 45 M., 416 (314); Lee vs. Schaack, 10 N. W. R. (Minn.), 22; Scripture vs. Burns, 12 N. W. (Iowa), 760.

That mandamus will not lie to enjoin the doing of an act which by law lies in the discretion of the officer refusing to do it. Willing vs. Circuit Judge (Jackson), 1 Doug., 302 (658); Bradley vs. Circuit Judge (Branch), 1 Doug., 319 (93); Smith et al. vs. Ft. St. & Elmwood Ry. Co., 17 M., 66; Monroe vs. Circuit Judge (Wayne), 19 M., 296 (148); Sweet vs. Auditor General, 3 M., 427 (1031); Burt vs. Highway Comrs. (Van Buren), 32 M., 190; Pack vs. Suprs. (Presque Isle), 36 M., 377 (1367); Peck vs. Suprs., 47 M., 477 (1514); Houghton Co. vs. Aud. Genl., 36 M., 271 (1020); Post vs. Sparta, 63 M., 323 (1249).

Unless there has been a clear abuse of that discretion, Tawas R. R. Co. vs. Circuit Judge, 44 M., 479 (800); Van Norman vs. Circuit Judge, 45 M., 204 (827); Scott vs. Circuit Judge, 62 M., 532 (474); Detroit vs. Circuit Judge, 79 M., 384 (805).

That the granting or refusing of a preliminary injunction is not a matter of strict legal right, Edwards vs. Mining Co., 38 M., 46.

That this court has never granted the writ to compel the reinstatement of a preliminary injunction, and it has only interfered to dissolve such injunction, when its issuance was absolutely illegal. Scott vs. Circuit Judge, 62 M., 532 (474), and cases cited.

Relator contended that the jurisdiction of this court in mandamus is not statutory but plenary, and that the writ may issue, even when other remedies exist, if they are not sufficiently speedy to prevent material injury. La Grange vs. State Treasurer, 24 M., 468 (1013); Port Huron & G. Co. R. R. Co. vs. Circuit Judge, 31 M., 456 (848); Tawas R. R. Co. vs. Circuit Judge, 44 M., 479 (800); Mills vs. Circuit Judge, 77 M., 210 (822).